**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | |
|---|---|
| **ALOFT MEDIA, LLC,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 6:10-CV-256 |
| § | |
| **COMPUWARE CORP.,** § | |
| **CONVERGYS CORP.,** § | |
| **ENVIRONMENTAL SYSTEMS** § | |
| **RESEARCH INSTITUTE, INC.,** § | **JURY TRIAL DEMANDED** |
| **INFINERA CORP., LAWSON** § | |
| **SOFTWARE, INC., LAWSON** § | |
| **SOFTWARE AMERICAS, INC.,** § | |
| **MORNINGSTAR, INC., NETSUITE,** § | |
| **INC., NUANCE COMMUNICATIONS** § | |
| **INC., OPTIONSXPRESS, INC., SAS** § | |
| **INSTITUTE, INC., TRANSUNION,** § | |
| **LLC, VMWARE, INC., AND XEROX** § | |
| **CORP.,** § | |
| § | |
| *Defendants*. § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Defendants Compuware Corp. ("Compuware"); Convergys Corp. ("Convergys"); Environmental Systems Research Institute, Inc. ("ESRI"); Infinera Corp. ("Infinera"); Lawson Software, Inc. and Lawson Software Americas, Inc. (collectively "Lawson"); Morningstar, Inc. ("Morningstar"); NetSuite, Inc. ("NetSuite"); Nuance Communications Inc. ("Nuance"); OptionsXpress, Inc. ("OptionsXpress"); SAS Institute, Inc. ("SAS"); TransUnion, LLC ("TransUnion"); VMWare, Inc. ("VMWare"); and Xerox Corp. ("Xerox"), as follows:

1

## PARTIES

1. Plaintiff Aloft Media is a Texas limited liability company having its principal place of business in Longview, Texas.

2. On information and belief, Defendant Compuware is a Michigan corporation having its principal place of business in Detroit, Michigan.

3. On information and belief, Defendant Convergys is an Ohio corporation having its principal place of business in Cincinnati, Ohio.

4. On information and belief, Defendant ESRI is a California corporation having its principal place of business in Redlands, California.

5. On information and belief, Defendant Infinera is a Delaware corporation having its principal place of business in Sunnyvale, California.

6. On information and belief, Defendant Lawson Software, Inc. is a Delaware corporation having its principal place of business in St. Paul, Minnesota.

7. On information and belief, Defendant Lawson Software Americas, Inc. is a Delaware corporation having its principal place of business in St. Paul, Minnesota.

8. On information and belief, Defendant Lawson Software Americas, Inc. is a subsidiary of Defendant Lawson Software, Inc.

9. On information and belief, Defendant Morningstar is an Illinois corporation having its principal place of business in Chicago, Illinois.

10. On information and belief, Defendant NetSuite is a Delaware corporation having its principal place of business in San Mateo, California.

11. On information and belief, Defendant Nuance is a Delaware corporation having its principal place of business in Burlington, Massachusetts.

12. On information and belief, Defendant OptionsXpress is a Delaware corporation having its principal place of business in Chicago, Illinois.

13. On information and belief, Defendant SAS is a North Carolina corporation having its principal place of business in Cary, North Carolina.

14. On information and belief, Defendant TransUnion is a Delaware limited liability company having its principal place of business in Chicago, Illinois.

15. On information and belief, Defendant VMWare is a Delaware corporation having its principal place of business in Palo Alto, California.

16. On information and belief, Defendant Xerox is a New York corporation having its principal place in Norwalk, Connecticut.

## JURISDICTION AND VENUE

17. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district and has committed acts of patent infringement in this district.

19. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,593,910

20.     Plaintiff Aloft Media is the owner by assignment of United States Patent No. 7,593,910 ("the '910 patent") entitled "Decision-Making System, Method and Computer Program Product." The '910 patent was duly and legally issued on September 22, 2009. A true and correct copy of the '910 patent is attached as Exhibit A.

21.     On information and belief, Defendant Compuware has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Compuware's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Compuware Changepoint 12, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by Compuware that infringes one or more claims of the '910 patent. Compuware is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

22.     On information and belief, Defendant Convergys has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Convergys's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Convergys Dynamic Decisioning Solution, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by Convergys that infringes one or more claims of the '910 patent. Convergys is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

23.     On information and belief, Defendant ESRI has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the

United States.  ESRI's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation ArcGIS 9.2, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by ESRI that infringes one or more claims of the '910 patent.  ESRI is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

24.     On information and belief, Defendant Infinera has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Infinera's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Infinera Network Planning System, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by Infinera that infringes one or more claims of the '910 patent.  Infinera is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

25.     On information and belief, Defendant Lawson has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Lawson's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Lawson Planning Workbench for Food and Beverage, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by Lawson that infringes one or more claims of the '910 patent.  Lawson is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

26. On information and belief, Defendant Morningstar has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Morningstar's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Morningstar Direct, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by Morningstar that infringes one or more claims of the '910 patent. Morningstar is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

27. On information and belief, Defendant NetSuite has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. NetSuite's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation NetSuite Financial Planning Module, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by NetSuite that infringes one or more claims of the '910 patent. NetSuite is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

28. On information and belief, Defendant Nuance has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Nuance's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Nuance Radcube, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold

by Nuance that infringes one or more claims of the '910 patent. Nuance is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

29. On information and belief, Defendant OptionsXpress has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. OptionsXpress's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation OptionsXpress StrategyScan, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by OptionsXpress that infringes one or more claims of the '910 patent. OptionsXpress is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

30. On information and belief, Defendant SAS has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. SAS's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation SAS Web Analytics, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by SAS that infringes one or more claims of the '910 patent. SAS is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

31. On information and belief, Defendant TransUnion has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. TransUnion's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation TransUnion Portfolio Valuation

Solution, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by TransUnion that infringes one or more claims of the '910 patent. TransUnion is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

32. On information and belief, Defendant VMWare has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VMWare's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation VMWare vCenter Capacity IQ, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by VMWare that infringes one or more claims of the '910 patent. VMWare is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

33. On information and belief, Defendant Xerox has been and now is directly infringing the '910 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Xerox's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation ProfitQuick Suite of Financial Modeling Tools, that infringe one or more claims of the '910 patent, and any other product made, used, offered for sale, and/or sold by Xerox that infringes one or more claims of the '910 patent. Xerox is thus liable for infringement of the '910 patent pursuant to 35 U.S.C. § 271.

34. As a result of Defendants' infringement of the '910 patent, Aloft Media has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,596,538

35.     Plaintiff Aloft Media is the owner by assignment of United States Patent No. 7,596,538 ("the '538 patent") entitled "Decision-Making System, Method and Computer Program Product."  The '538 patent was duly and legally issued on September 29, 2009.  A true and correct copy of the '538 patent is attached as Exhibit B.

36.     On information and belief, Defendant Compuware has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Compuware's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Compuware Changepoint 12, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by Compuware that infringes one or more claims of the '538 patent.  Compuware is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

37.     On information and belief, Defendant Convergys has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Convergys's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Convergys Dynamic Decisioning Solution, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by Convergys that infringes one or more claims of the '538 patent.  Convergys is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

38.     On information and belief, Defendant ESRI has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the

United States.  ESRI's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation ArcGIS 9.2, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by ESRI that infringes one or more claims of the '538 patent.  ESRI is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

39. On information and belief, Defendant Infinera has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Infinera's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Infinera Network Planning System, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by Infinera that infringes one or more claims of the '538 patent.  Infinera is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

40. On information and belief, Defendant Lawson has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Lawson's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Lawson Planning Workbench for Food and Beverage, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by Lawson that infringes one or more claims of the '538 patent.  Lawson is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

41. On information and belief, Defendant Morningstar has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Morningstar's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Morningstar Direct, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by Morningstar that infringes one or more claims of the '538 patent. Morningstar is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

42. On information and belief, Defendant NetSuite has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States. NetSuite's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation NetSuite Financial Planning Module, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by NetSuite that infringes one or more claims of the '538 patent. NetSuite is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

43. On information and belief, Defendant Nuance has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Nuance's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation Nuance Radcube, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold

by Nuance that infringes one or more claims of the '538 patent.  Nuance is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

44. On information and belief, Defendant OptionsXpress has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  OptionsXpress's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation OptionsXpress StrategyScan, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by OptionsXpress that infringes one or more claims of the '538 patent. OptionsXpress is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

45. On information and belief, Defendant SAS has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  SAS's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation SAS Web Analytics, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by SAS that infringes one or more claims of the '538 patent.  SAS is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

46. On information and belief, Defendant TransUnion has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States. TransUnion's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation TransUnion Portfolio Valuation

Solution, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by TransUnion that infringes one or more claims of the '538 patent. TransUnion is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

47. On information and belief, Defendant VMWare has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VMWare's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation VMWare vCenter Capacity IQ, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by VMWare that infringes one or more claims of the '538 patent. VMWare is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

48. On information and belief, Defendant Xerox has been and now is directly infringing the '538 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Xerox's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least computer program products, including without limitation ProfitQuick Suite of Financial Modeling Tools, that infringe one or more claims of the '538 patent, and any other product made, used, offered for sale, and/or sold by Xerox that infringes one or more claims of the '538 patent. Xerox is thus liable for infringement of the '538 patent pursuant to 35 U.S.C. § 271.

49. As a result of Defendants' infringement of the '538 patent, Aloft Media has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Aloft Media requests that this Court enter:

  A.  A judgment in favor of Aloft Media that Defendants have directly infringed the '910 patent;

  B.  A judgment and order requiring Defendants to pay Aloft Media its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '910 patent as provided under 35 U.S.C. § 284;

  C.  A judgment in favor of Aloft Media that Defendants have directly infringed the '538 patent;

  D.  A judgment and order requiring Defendants to pay Aloft Media its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '538 patent as provided under 35 U.S.C. § 284; and

  E.  Any and all other relief to which the Court may deem Aloft Media entitled.

## DEMAND FOR JURY TRIAL

Aloft Media, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

          Respectfully submitted,

          _____
          Eric M. Albritton
          Texas Bar No. 00790215
          ema@emafirm.com
          Adam A. Biggs
          Texas Bar No. 24051753
          aab@emafirm.com
          Debra Coleman
          Texas Bar No. 24059595
          drc@emafirm.com

Matthew C. Harris
Texas Bar No. 24059904
mch@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
mike@wmalaw.com
Texas Bar No. 01150025
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Indiana Bar No. 24560-49
mbenefield@wmalaw.com
David Morehan
Texas Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

*Attorneys for Aloft Media, LLC*