IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALOFT MEDIA, LLC, | § § | Civil Action No. 6:10-CV-256 |
| *Plaintiff*, | § § | |
| v. | § § | |
| COMPUWARE CORP., *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § | |

## PLAINTIFF ALOFT MEDIA, LLC'S ANSWER TO DEFENDANT OPTIONSXPRESS, INC.'S COUNTERCLAIMS

Plaintiff Aloft Media, LLC ("Aloft") responds to each of the numbered paragraphs of the Counterclaims of Defendant optionsXpress, Inc. ("optionsXpress"), as set forth in optionsXpress, Inc.'s Answer, Affirmative Defenses and Counterclaims to Aloft Media, LLC's Original Complaint for Patent Infringement (Dkt. No. 45), as follows:

### THE PARTIES

1. Aloft admits the allegations of paragraph 1.

2. Aloft admits the allegations of paragraph 2.

### JURISDICTION

3. Aloft admits that optionsXpress purports to bring counterclaims for non-infringement and invalidity of U.S. Patent Nos. 7,593,910 ("the '910 patent") and 7,596,538 ("the '538 patent") (collectively, the "Patents in Suit"). Aloft admits that this Court has subject matter jurisdiction over optionsXpress's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as the Patent Act, 35 U.S.C. § 1, *et seq.* Aloft denies the remaining allegations of paragraph 3.

1

4. Aloft admits the allegations of paragraph 4.

5. Aloft admits that it has submitted itself to this Court's jurisdiction by alleging, in the present lawsuit, that optionsXpress infringes the '910 and '538 patents. Aloft admits that an actual case or controversy between optionsXpress and Aloft exists. Aloft denies the remaining allegations of paragraph 5.

## COUNT I
## NON-INFRINGEMENT OF THE '910 PATENT

6. Aloft restates and incorporates by reference each answer to paragraphs 1-5 above, but Aloft denies the allegations in those paragraphs unless specifically admitted therein.

7. Aloft denies the allegations of paragraph 7.

8. Aloft admits that optionsXpress purports to seek a declaratory judgment that it has not and does not infringe any claim of the '910 patent, either literally or under the doctrine of equivalents. Aloft denies the remaining allegations of paragraph 8.

## COUNT II
## INVALIDITY OF THE '910 PATENT

9. Aloft restates and incorporates by reference each answer to paragraphs 1-8 above, but Aloft denies the allegations in those paragraphs unless specifically admitted therein.

10. Aloft denies the allegations of paragraph 10.

11. Aloft admits that optionsXpress purports to seek a declaratory judgment that each claim of the '910 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*. Aloft denies the remaining allegations of paragraph 11.

## COUNT III
## NON-INFRINGEMENT OF THE '538 PATENT

12. Aloft restates and incorporates by reference each answer to paragraphs 1-11 above, but Aloft denies the allegations in those paragraphs unless specifically admitted therein.

13. Aloft denies the allegations of paragraph 13.

14. Aloft admits that optionsXpress purports to seek a declaratory judgment that it has not and does not infringe any claim of the '538 patent, either literally or under the doctrine of equivalents. Aloft denies the remaining allegations of paragraph 14.

## COUNT IV
## INVALIDITY OF THE '538 PATENT

15. Aloft restates and incorporates by reference each answer to paragraphs 1-14 above, but Aloft denies the allegations in those paragraphs unless specifically admitted therein.

16. Aloft denies the allegations of paragraph 16.

17. Aloft admits that optionsXpress purports to seek a declaratory judgment that each claim of the '538 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq*. Aloft denies the remaining allegations of paragraph 17.

## OPTIONSXPRESS'S PRAYER FOR RELIEF

Aloft denies that optionsXpress is entitled to any relief, and specifically denies all the allegations and prayers for relief contained in paragraphs A-F of optionsXpress's Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Aloft respectfully requests that this Court enter judgment denying and dismissing optionsXpress's counterclaims, and that the Court enter judgment in favor of Aloft as requested in Aloft's Original Complaint for Patent Infringement (Dkt. No. 1), as amended or supplemented.

## DEMAND FOR JURY TRIAL

Aloft, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Adam A. Biggs
Texas Bar No. 24051753
aab@emafirm.com
Debra Coleman
Texas Bar No. 24059595
drc@emafirm.com
Matthew C. Harris
Texas Bar No. 24059904
mch@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Thomas John Ward, Jr.
Texas Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
Texas Bar No. 01150025
mike@wmalaw.com
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas Bar No. 24041802

mrodgers@wmalaw.com
Michael A. Benefield
Indiana Bar No. 24560-49
mbenefield@wmalaw.com
David Morehan
Texas Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

*Attorneys for Aloft Media, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 12th day of August 2010.

/s/ Eric M. Albritton
Eric M. Albritton